FILED

AUG 5 2013

REDACTED

ORIGINAL

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## BID PROTEST

| | |
|---|---|
| LEXICON GOVERNMENT<br>    SERVICES, LLC, | |
|     Plaintiff, | CFC No.  13-541C _____ |
|     v. | |
| THE UNITED STATES | |
|     Defendant. | |

## <u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S</u>
## <u>MOTION FOR PRELIMINARY INJUNCTIVE RELIEF</u>

William Savarino, Esq.
Cohen Mohr, LLP
1055 Thomas Jefferson St., NW
Suite 504
Washington, DC 20007
(202) 342-2550 (telephone)
(202) 342-6147 (facsimile)

Attorney of Record for Plaintiff
Lexicon Government Services, LLC

Of Counsel:

John J. O'Brien
Gabriel E. Kennon
Cohen Mohr, LLP
1055 Thomas Jefferson St., NW
Suite 504
Washington, DC 20007
(202) 342-2550 (telephone)
(202) 342-6147 (facsimile)

Date:  August 5, 2013

## <u>PROPOSED REDACTED VERSION</u>

**TABLE OF CONTENTS**

**PAGE**

I.    QUESTIONS PRESENTED.................................................................... 1

II.   STATEMENT OF THE CASE........................................................... 2

     A.    Beginning of Contract Performance ..................................... 2

     B.    Brookfield Relocation Inc.'s GAO Protest............................ 6

     C.    GAO Protests to the Brookfield Award ................................ 6

III.  STATEMENT OF JURISDICTION.................................................... 8

IV.  STANDARD OF RELIEF ................................................................. 9

V.   ARGUMENT ..................................................................................... 10

     A.    Lexicon Will Likely Succeed On The Merits In This Litigation...................... 10

           1.    The FBI's Decision to Stay Performance of Lexicon's Contract Award Was Arbitrary, Capricious, and Contrary to Law ...................... 11

           2.    The FBI's Decision to Take Corrective Action by Canceling the Award to Lexicon and Canceling the Solicitation Was Arbitrary, Capricious, and Contrary to Law ......................................... 13

                a.    The FBI Had No Reasonable Basis to Cancel Lexicon's Award in Response to the CapRelo Protest ............................. 15

                b.    The FBI's Award to Lexicon Was Proper and Should Not Be Canceled ......................................................... 15

                    i.    The GAO's Determination That ██████████████████████ ............... 17

                    ii.   The GAO Failed to Give Any Consideration to Several Additional Arguments That Demonstrated ██████ ██████ Was Reasonable......................... 19

i

## TABLE OF CONTENTS

PAGE

   iii. The FBI Actions After the Brookfield Protest Preclude the FBI From Now Relying on the GAO's Outcome Prediction to Cancel Lexicon's Award and the Solicitation .......................................... 21

  c. The FBI Cannot Justify the Cancelation of the Solicitation Based on a Change in Need ................................. 21

 3. The FBI Breached Its Duty of Good Faith and Fair Dealing by Taking Corrective Action That Would Cancel Lexicon's Award and Cancel the Solicitation ................................................................ 24

B. Lexicon Will Be Irreparably Harmed if the Limited Injunctive Relief Is Not Provided. ............................................................................................................ 25

C. The Balance Of Hardships Is In Lexicon's Favor ........................................... 26

D. The Public Interest Favors The Injunctive Relief ........................................... 27

CONCLUSION ............................................................................................................ 28

**PROPOSED REDACTED VERSION**

**TABLE OF AUTHORITIES**

**PAGE**

## CASES

*Am. Fed'n of Gov't Emps., AFL-CIO v. United States*, 258 F.3d 1294 (Fed. Cir. 2001)............. 8

*Asia Pacific Airlines v. United States*, 68 Fed. Cl. 8 (2005)...................................................... 27

*California Marine Cleaning, Inc. v. United States*, 42 Fed. Cl. 281 (1998)............................... 11

*Ceres Gulf, Inc. v United States*, 94 Fed. Cl. 303 (2010) ............................................................ 9

*Cincom Sys., Inc. v. United States*, 37 Fed. Cl. 266 (1997) ......................................................... 9

*CRAssociates v. United States*, 103 Fed. Cl. 23 (2012).............................................................. 27

*Delaney Constr. Corp. v. United States*, 56 Fed. Cl. 470 (2003) ............................................... 14

*Gentex Corp. v. United States*, 58 Fed. Cl. 634 (2003) ............................................................. 10

*Hunt Bldg. Co. v. United States*, 61 Fed. Cl. 243 (2004)........................................................... 24

*Impresa Construzioni Geom. Domenico Garufi v. United States*,
    238 F.3d 1324 (Fed. Cir. 2001).............................................................................................. 10

*Jacobs Tech., Inc. v. United States*, 100 Fed. Cl. 173 (2011) ...................................................... 9

*L-3 Commc'ns Corp. v. United States*, 99 Fed. Cl. 283 (2011) .................................................... 8

*MCII Generator & Elec., Inc. v. United States*, 2002 WL 32126244 (Fed. Cl. 2002)...... passim

*Meyers Cos., Inc. v. United States*, 41 Fed. Cl. 303 (1998)....................................................... 19

*MORI Assocs. v. United States*, 102 Fed. Cl. 503 (2011)..................................................... 22, 25

*Red River Serv. Corp. v. United States*, 60 Fed. Cl. 532 (2004)................................................ 25

*SDS Int'l, Inc. v. United States*, 55 Fed. Cl. 363 (2003) .............................................................. 9

*Sheridan Corp. v United States*, 95 Fed. Cl. 141 (2010) ..................................................... passim

*Southfork Sys., Inc. v. United States*, 141 F.3d 1124 (Fed. Cir. 1998) ...................................... 24

*Standard Commc'ns, Inc. v. United States*, 101 Fed. Cl. 723 (2011)  ....................................... 12

**PROPOSED REDACTED VERSION**

## TABLE OF AUTHORITIES

PAGE

### CASES

*Sys. Application & Techs., Inc. v. United States*, 100 Fed. Cl. 687 (2011) ...................... passim

*Sys. Application & Techs., Inc. v. United States*, 691 F.3d 1374 (Fed. Cir. 2012)................. 8, 9

*Texas Instruments Inc. v. Tessera, Inc.*, 231 F.3d 1325 (Fed. Cir. 2000).................................... 9

*Transatlantic Lines LLC v. United States*, 68 Fed. Cl. 48 (2005)............................................... 25

*Turner Constr. Co., Inc. v. United States,* 94 Fed. Cl. 561 (2010) ...................................... 26, 27

### COMPTROLLER GENERAL DECISIONS

*All Phase Envtl., Inc.*, B-292919.2, *et al.*, Feb. 4, 2004, 2004 CPD ¶ 62 ............................... 18

*Brown & Root, Inc. and Perini Corp.*, B-270505, *et al.*, Sept. 12, 1996, 96-2 CPD ¶ 143.... 20

*Chenega Integrated Mission Support, LLC*, B-406769, *et al.*,
    Aug. 22, 2012, 2012 CPD ¶ 268 ..................................................................................... 20

*Geonex Corp.*, B-274390.2, June 13, 1997, 97-1 CPD ¶ 225 ................................................... 20

*JW Assocs., Inc.*, B-275209, B-275209.3, July 22, 1997, 97-2 CPD ¶ 27 ............................. 18

*MVM, Inc.*, B-290726, *et al.*, Sept. 23, 2002, 2002 CPD ¶ 167............................................... 18

*Orion Tech.*, 2012 CPD ¶ 268.................................................................................................. 20

### STATUTES AND REGULATIONS

5 U.S.C. § 706.......................................................................................................................... 10

28 U.S.C. § 1491(a) ................................................................................................................. 24

28 U.S.C. § 1491(b) .......................................................................................................... 8, 10, 24

31 U.S.C. § 3551 ......................................................................................................................... 8

**PROPOSED REDACTED VERSION**

## TABLE OF AUTHORITIES

**PAGE**

**STATUTES AND REGULATIONS**

31 U.S.C. § 3553(d)(3)(A)(i) ................................................................................. 12

FAR 1.602-2(b) ...................................................................................................... 25

FAR 6.101 ............................................................................................................... 14

FAR 8.405-3(b)(2)(vi) ........................................................................................... 14

**PROPOSED REDACTED VERSION**

**COMES NOW** Plaintiff Lexicon Government Services, LLC ("Lexicon"), by and through the undersigned counsel, and hereby files this Memorandum in Support of Plaintiff's Motion for Preliminary Injunctive Relief. In this case, Lexicon protests the Federal Bureau of Investigation's ("FBI's") decision to take corrective action by canceling the contract awarded to Lexicon and canceling Solicitation No. 2013-FBI314198 ("Solicitation"). Lexicon also protests the FBI's decision to stay Lexicon's contract performance pending the outcome of the Capital Relocation Services, LLC ("CapRelo") protest at the GAO because CapRelo did not contest Lexicon's properly awarded contract.

## I.      QUESTIONS PRESENTED

1. Did the FBI rationally issue a stop work order on Lexicon's contract in response to CapRelo's protest that was challenging only the FBI's decision to award a contract to Brookfield Relocation Inc. and was not contesting the Solicitation, evaluation, or other awards?

2. Was the FBI's decision to take corrective action in the CapRelo protest by canceling the contract award to Lexicon and issuing a new solicitation arbitrary, capricious, and contrary to law when CapRelo did not challenge Lexicon's award, the FBI had previously determined not to cancel the award and Solicitation in response to an earlier protest, and the FBI had not demonstrated any change in needs that would merit the cancelation of the award and the Solicitation?

## II.     STATEMENT OF THE CASE

### A.      The Solicitation

Solicitation No. 2013-FBI314198 was issued by the FBI for home sale, move management, and property management services. App. Tab 1 at 1,4. The Solicitation was issued

1

**PROPOSED REDACTED VERSION**

pursuant to the U.S. General Services Administration's ("GSA's") Federal Supply Schedule

("FSS") 48 in accordance with Federal Acquisition Regulation ("FAR") Subpart 8.4 and

anticipated awarding up to four BPAs with a total maximum contract value of $425,000,000.00.

App. Tab 1 at 3.

  Quoters had to include the following information as part of the technical proposal:

-  Implementation Plan
-  Security Action Plan addressing all RFQ FBI security related provisions
-  GSA Schedule with all modifications
-  Technical Requirements Matrix form
-  100% Financial capability supporting documents

App. Tab 1 at 39.

  The Technical Requirement Matrix Form required quoters to demonstrate their capability

to meet 33 separate technical requirements by selecting "Yes" or "No". App. Tab 2 at 41. A

"'Yes' indicate[d] the vendor understands, is within compliance, and accountable for the stated

requirement." App. Tab 2 at 41. An inability to meet the requirement would result in the

proposal being deemed technically unacceptable. App. Tab 2 at 41. Question 33 of the

Technical Requirement Matrix stated that the quoter, "Shall be capable of and provide supporting

documentation to verify ability to financially handle 100% of the anticipated work as reflected in

the FBI's past three years of historical information." App. Tab 2 at 43.

  The FBI anticipated evaluating quotes on the following three factors: Technical, Price,

and Past Performance. App. Tab 1 at 40. Technical would be evaluated on a pass/fail basis to

determine whether the quoter had the ability to meet all the stated FBI technical requirements

that were included in the Technical Requirements Matrix Form. App. Tab 1 at 40. Price would

be evaluated by determining a total evaluated price based on the prices provided by quoters for

**PROPOSED REDACTED VERSION**

various pricing ranges included in the Pricing Matrix that was Attachment 4 to the Solicitation. App. Tab 1 at 40.  Past Performance was evaluated on a pass/fail basis to determine whether the quoter had "demonstrate[d] expertise and experience in supporting similar types of support, particularly those in the Government arena."  App. Tab 1 at 40.  The FBI anticipated awarding contracts to the "responsible quoter whose offer conforming to the quote on the basis of the lowest evaluated price of quotes meeting or exceeding the acceptability standards for non-cost factors."  App. Tab 1 at 40.

The FBI clarified the financial capability requirement during the question and answer process by stating:

> One of the requirements for our technical submission is to provide "100% Financial supporting documents".  Is there a required set of documents or an FBI approved certification form that the FBI would like included?  Or, is it at the respondent's discretion?
>
> **Response: Self-certification is as at the respondent's discretion.**

App. Tab 3 at 45 (bold in original).



3

**PROPOSED REDACTED VERSION**



During the evaluation, the CO ▐█████████████████████████████

▐███████████████████████████████████████████████████████████████

▐████████████████████ The CO explained the evaluation of the quoters' supporting

documentation as follows:

After the technical, past performance, and price evaluation were complete, the CO ranked

**PROPOSED REDACTED VERSION**

the technically acceptable quoters from lowest to highest price as follows:



App. Tab 7 at 78-79 (redactions in original agency report).

On March 15, 2013, FBI awarded BPAs to Allegiance Relocation Services ("Allegiance"), Lexicon, and WHR Group Inc. ("WHR").  App. Tab 4 at 49.

**B.    Brookfield Relocation Inc.'s GAO Protest**

On March 22, 2013, Brookfield Relocation Inc. ("Brookfield") filed a protest at the GAO challenging the FBI's evaluation and awards to Allegiance, Lexicon, and WHR.  App. Tab 5 at 51.  On March 26, 2013, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮  App. Tab 6 at 71.

Brookfield's protest ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**PROPOSED REDACTED VERSION**

[REDACTED] the FBI submitted a notice of corrective action on June 7, 2013 that stated, "The FBI will be initiating corrective action in connection with the subject protest by awarding a BPA to Brookfield."  App. Tab 8 at 90.  On June 7, 2013, the GAO dismissed Brookfield's protest as academic.

[REDACTED]

### C.    GAO Protests to the Brookfield Award

On June 17, 2013, CapRelo filed a protest with the GAO challenging the FBI's award of a contract to Brookfield on the basis that [REDACTED]

6

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████

On or about June 24, 2013, TRC Global Solutions, Inc. ("TRC") filed a protest with the

GAO challenging the issuance of a fourth award to Brookfield.  *See* App. Tab16 at 112.  On

June 26, 2013, the FBI filed a motion to dismiss TRC's protest on the basis that TRC was not an

interested party to challenge the FBI's fourth award to Brookfield.  *See* App. Tab 17 at 115.  The

GAO dismissed TRC's protest on the basis that TRC could not demonstrate that TRC was next in

line for award and was therefore not an interested party.  App. Tab 17 at 114.

███████████████████████████████████████████████████████

███████████████████████████████████████████

On July 16, 2013, the FBI filed a notice of corrective action that stated the FBI intended

to cancel all four BPA awards and issue a new and revised solicitation.  App. Tab 18 at 116.

## III.    STATEMENT OF JURISDICTION

The Tucker Act provides the Court with jurisdiction to hear challenges from an

"interested party objecting to . . . the award of a contract or any alleged violation of statute or

regulation in connection with a procurement or a proposed procurement."  28 U.S.C.

§ 1491(b)(1) (2006).  Because Lexicon is challenging the FBI's proposed corrective action in

connection with a procurement, the Court has jurisdiction to hear Lexicon's protest.  *See Sys.*

*Application & Techs., Inc. v. United States*, 691 F.3d 1374, 1381 (holding that the Court of

Federal Claims has jurisdiction over a claim that challenged the agency's proposed corrective

action to revise a solicitation).

7

**PROPOSED REDACTED VERSION**

For purposes of standing, the Federal Circuit has held that the definition of "interested party" under the Tucker Act is the same as the definition of "interested party" in the Competition in Contracting Act of 1984 ("CICA"), 31 U.S.C. § 3551. *See, e.g., Am. Fed'n of Gov't Emps., AFL-CIO v. United States*, 258 F.3d 1294, 1302 (Fed. Cir. 2001); *L-3 Commc'ns Corp. v. United States*, 99 Fed. Cl. 283, 288 (2011). CICA defines an "interested party" as "an actual or prospective bidder or offeror whose direct economic interest would be affected by the award of the contract or by failure to award the contract." 31 U.S.C. § 3551(2)(A) (2006). "[T]he Court must assume all of plaintiff's well-pled allegations are true and then determine whether all the allegations taken together cross the necessary threshold" of "depriving plaintiff of a substantial chance of award." *L-3 Commc'ns Corp.*, 99 Fed. Cl. at 288.

An offeror has standing to challenging an agency's decision to stay a contract award and issue a resolicitation. *See Jacobs Tech., Inc. v. United States*, 100 Fed. Cl. 173, 178 (2011) ("In this case, the 'stay' of the award to Jacobs and the resoliciation under different terms is a de facto rescission of the award to Jacobs . . . ."); *see also Sys. Application & Techs.*, 691 F.3d at 1383; *Ceres Gulf, Inc. v United States*, 94 Fed. Cl. 303, 315 (2010) ("This Court has held that where a plaintiff, as the contract awardee, files a protest challenging an agency's decision to resolicit a proposal, the plaintiff's protest is in the nature of a pre-award claim."). Accordingly, Lexicon is an interested party to challenge the FBI's proposed corrective action and the stay of Lexicon's contract award because the FBI anticipates canceling Lexicon's properly awarded contract and issuing a new solicitation.

**PROPOSED REDACTED VERSION**

## IV.   STANDARD OF RELIEF

In considering a motion for a preliminary injunction, the Court applies the following criteria:

> (1) a reasonable likelihood of success on the merits;
>
> (2) irreparable harm to the movant;
>
> (3) a balance of hardships favors injunctive relief; and
>
> (4) a public interest supports the injunction.

*Texas Instruments Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1329 (Fed. Cir. 2000) (citing *Chrysler Motors Corp. v. Auto Body Panels of Ohio Inc.*, 908 F.2d 951, 952 (Fed. Cir. 1990)); *see also SDS Int'l, Inc. v. United States*, 55 Fed. Cl. 363 (2003); *Cincom Sys., Inc. v. United States*, 37 Fed. Cl. 266 (1997).

The Court will set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706; *accord* 28 U.S.C. § 1491(b)(4) (incorporating the standards from 5 U.S.C. § 706(2)(A)). Based on that standard of review, this Court should overturn a procurement decision where "(1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure." *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332 (Fed. Cir. 2001); *see also Gentex Corp. v. United States*, 58 Fed. Cl. 634, 648 (2003).

## V.   ARGUMENT

The Court should enjoin the FBI from canceling Lexicon's contract award and the Solicitation and should further enjoin the FBI from continuing to stay performance of Lexicon's

9

**PROPOSED REDACTED VERSION**

properly awarded contract. Lexicon has a high likelihood of success on the merits of its claims because the FBI's actions were arbitrary, capricious, and contrary to law. Furthermore, Lexicon will suffer irreparable injury in the absence of the requested limited injunctive relief because Lexicon will lose its ability to perform its validly awarded contract. Granting the relief requested will also serve the public interest because Lexicon can provide the moving services at a much lower rate than the FBI is receiving under its current contract and it will preserve the integrity of the procurement system. Finally, the relief will not significantly harm the United States or any other interested party. Because Lexicon has met the standards of injunctive relief, the Court should grant Lexicon's motion for a preliminary injunction.

### A.      Lexicon Will Likely Succeed On The Merits In This Litigation.

In view of the long and storied history of this procurement, "[t]his court must now struggle with the untidy aftermath of the [agency's] vacillations over the past months." *California Marine Cleaning, Inc. v. United States*, 42 Fed. Cl. 281, 291 (1998). Lexicon contests the FBI's actions on the following three basis:  (1) the FBI unreasonably stayed performance of Lexicon's contract award in response to CapRelo's protest that did not challenge Lexicon's award; (2) the FBI's proposed corrective action was arbitrary, capricious, and contrary to law because the FBI did not have a reasonable basis to cancel Lexicon's award and the Solicitation; and (3) the FBI's actions breached its duty of good faith and fair dealing.

### 1.      The FBI's Decision to Stay Performance of Lexicon's Contract Award Was Arbitrary, Capricious, and Contrary to Law.

The FBI did not have a reasonable basis on which to stay Lexicon's legitimately awarded contract in response to the CapRelo protest ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

**PROPOSED REDACTED VERSION**

███████████████████████████████████████████████

████████████ Furthermore, the FBI improperly suspended Lexicon's contract performance as a result of CapRelo's protest even though CICA does not require an agency to suspend contract performance on ██████████████████████████████. In addition, suspending Lexicon's contract resulted in the FBI paying more for moving services by perpetuating Brookfield's incumbent contract.  Finally, the FBI's decision to suspend performance of Lexicon's contract was directly contrary to the FBI's position before the GAO ████████████████████ ██████████████████████████████

████████████ Accordingly, the FBI's decision to issue a stop work order on Lexicon's BPA in response to the CapRelo protest was arbitrary, capricious, and must be set aside.

CapRelo's protest challenged ████████████████████ ███████████████████████████ ██████████████████████████████ ██████████████████████████████ ██████████████████████████████ ████████████████████████████ ███████

As a result of the CapRelo protest filed at GAO, ████████████████████ ███████████████████████████ ██████████████████████████ ██████████████████████████████ ████████████████████████

**PROPOSED REDACTED VERSION**

Furthermore, the FBI had no statutory basis on which to issue the stop work order.

Pursuant to 31 U.S.C. § 3553(d)(3)(A)(i), when an agency "awarding the contract receives notice

of a protest . . . the contracting officer may not authorize performance of the contract to being

while the protest is pending." ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████ the FBI was not

required to stay performance of Lexicon's contract, and the FBI's reliance on 31 U.S.C.

§ 3553(d)(3)(A)(i) to stay performance was misplaced.

Finally, the FBI's position regarding ████████████████████████████

████ further demonstrates that the FBI fully understood and believed that Lexicon's contract

was not being protested. *See* App. Tab 13 at 108. ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████

███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

**PROPOSED REDACTED VERSION**



**2.      The FBI's Decision to Take Corrective Action by Canceling the Award to Lexicon and Canceling the Solicitation Was Arbitrary, Capricious, and Contrary to Law.**

The FBI's corrective action was arbitrary, capricious, and contrary to law because the FBI did not have a reasonable basis to cancel the properly awarded contract to Lexicon and issue a new solicitation.  An agency's decision to cancel a properly awarded contract and cancel a solicitation is contrary to law because it violates FAR 6.101's requirement for full and open competition and violates FAR 8.405-3(b)(2)(vi)'s requirement that the agency make an award "in accordance with the basis for selection in the RFQ."  *See also Sys. Application & Techs.*, 100 Fed. Cl. at 719 (holding that the agency's decision to take corrective action by canceling the protester's contract and the solicitation violated several statutory and regulatory requirements including the requirement for full and open competition and the requirement that award be made to the successful offeror) (internal citations omitted).

Furthermore, the agency's decision to take corrective action will be set aside when such action is arbitrary and capricious.  *See Sys. Application & Techs.*, 100 Fed. Cl. at 719; *see also Sheridan Corp. v United States*, 95 Fed. Cl. 141, 153 (sustaining a protest of proposed corrective action when "the administrative record does not reveal any errors that required corrective

13

action"); *Delaney Constr. Corp. v. United States*, 56 Fed. Cl. 470, 476 (determining that part of the agency's proposed corrective action was arbitrary and capricious); *MCII Generator & Elec., Inc. v. United States*, 2002 WL 32126244, at *5 (finding the agency's proposed corrective action arbitrary and capricious). Here, the proposed corrective action was arbitrary and capricious because the corrective action was out of proportion to ████████████████████████ ████████████ Additionally, the FBI's decision to cancel Lexicon's award and the Solicitation was not reasonably based on the ████████████████████████████████ ██████████████████ Finally, the FBI has not demonstrated that its needs have changed in such a manner that would justify the cancelation of Lexicon's properly awarded contract. Therefore, the FBI's proposed corrective action that included canceling Lexicon's contract and canceling the Solicitation was arbitrary, capricious, and contrary to law.

        **a.    The FBI Had No Reasonable Basis to Cancel Lexicon's Award in Response to the CapRelo Protest.**

      The FBI's proposed corrective action was not rationally related to CapRelo's limited protest. "[T]he decision to take 'corrective' action must be rationally related to the defect that is identified." *MCII*, 2002 WL 32126244, at *1. "Simply put, the corrective action must target the identified defect." *Sheridan Corp.*, 95 Fed. Cl. at 153. Here, the FBI's proposed corrective action categorically failed to relate to the proposed defect identified in CapRelo's protest.

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████████████

14

**PROPOSED REDACTED VERSION**

████████████████████████████████ Accordingly, there was no reasonable basis for the FBI to cancel the award to Lexicon and the Solicitation in response to CapRelo's protest, and the corrective action was irrational.

         **b.**      **The FBI's Award to Lexicon Was Proper and Should Not Be Canceled.**

More significantly, the FBI's award to Lexicon was proper and should not be canceled in response to CapRelo's protest that did not endanger Lexicon's award. Previously at the GAO, Brookfield had challenged the FBI's evaluation and awards. The FBI adamantly defended the award to Lexicon as being proper and consistent with the Solicitation. Nevertheless, the GAO stated that it would likely sustain Brookfield's challenge to ████████████████████ ████████████████████████████████████████████████████ Lexicon maintains that the GAO's support of the Brookfield protest was erroneous and so did the FBI. In order to correct the evaluation problem perceived by GAO, the FBI opted not to change the Solicitation or alter the award to Lexicon; it chose to issue a fourth award to Brookfield, which underscored the FBI's belief in the validity of the Solicitation and the propriety of the award to Lexicon. The FBI cannot now maintain a defect in the Solicitation or rely on the GAO's decision regarding the Brookfield protest because the GAO's decision was irrational and because the FBI previously disregarded the decision by continuing with the awarded contracts.

In Brookfield's GAO protest, Brookfield challenged ████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████████████████

**PROPOSED REDACTED VERSION**

███████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████

The Court will find an agency's decision to take corrective action by canceling an award

and the Solicitation arbitrary, capricious, and contrary to law when the agency's decision to take

corrective action is based on an irrational GAO determination. *See Sys. Application & Techs.*,

100 Fed. Cl. at 719.  In *Systems Application & Technologies, Inc. v. United States*, 100 Fed. Cl.

687, the Court enjoined an agency from taking corrective action to cancel the award and the

Solicitation because the Court determined that the agency was basing the corrective action on the

GAO's prediction that the GAO would sustain the protest and that the GAO's determination was

irrational.  Similarly here, the GAO's prediction that it would sustain ████████████████████

██████████████████████████████ and therefore the FBI cannot rely on the irrational

decision as a basis to cancel Lexicon's award and the Solicitation.

        i.      **The GAO's Determination That** ████████████████

The GAO's decision does not provide a basis for the FBI to cancel the properly awarded

contract to Lexicon because the GAO's decision was irrational.  ███████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

**PROPOSED REDACTED VERSION**



17



18

**PROPOSED REDACTED VERSION**

ii.     **The GAO Failed to Give Any Consideration Several Additional Arguments That Demonstrated** ███████ ███████ **Was Reasonable.**

The GAO's decision was also irrational because the GAO failed to consider several

additional arguments raised by the intervening contract awardees that demonstrated that ███████

was reasonable. ███████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

██████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

19



### iii.   The FBI's Actions After the Brookfield Protest Preclude the FBI From Now Relying on the GAO's Outcome Prediction to Cancel Lexicon's Award and the Solicitation.

The FBI's actions after the Brookfield protest was dismissed should preclude the FBI from now relying on the GAO's decision to cancel Lexicon's award and the Solicitation. *See MCII*, 2002 WL 32126244, at *2 (determining an agency's corrective action was unreasonable when the agency had defended the evaluation approach in previous proceedings).  The FBI took corrective action in the Brookfield protest by issuing a contract award to Brookfield, and therefore the FBI must have considered the evaluation and initial contract awards valid.  *See* App Tab 8 at 90.

Furthermore, the FBI began work under the initial contract awards by ████████ ████████ after the Brookfield protest was dismissed.  App. Tab 9 at 92.  It was only after CapRelo protested that the FBI has now backtracked and decided to cancel the Solicitation. Because the FBI utilized the initial contract awards after the Brookfield protest was resolved, the FBI cannot claim that the awards were invalid and that a new Solicitation is necessary.

**PROPOSED REDACTED VERSION**

Accordingly, the FBI should not now be able to rely on the GAO's decision in the Brookfield

protest as a basis for canceling the initial contract awards and the Solicitation.

### c.       The FBI Cannot Justify the Cancelation of the Solicitation Based on a Change in Need.

The FBI cannot justify the cancelation of the Solicitation based on a change in need

because no needs have been identified that would rationally explain the need to cancel the

Solicitation. Although agencies have discretion in determining their needs, "[t]he situation is

very much changed" after an award has been made because important information about the

awardee such as the proposed price have been made public and because "the integrity of the

procurement system requires that award decision not be overturned for no reason or for

insubstantial reason." *MCII*, 2002 WL 32126244, at \*4. Accordingly, "once the rights of

offerors are implicated these decisions must be rational." *See MORI Assocs. v. United States*,

102 Fed. Cl. 503, 543 (2011).

Since awarding the contract to Lexicon, the FBI's actions have continually betrayed that

the FBI considered the evaluation sound, the award to Lexicon proper, and the BPAs as suitable

vehicles to meet the FBI's needs. It was only ███████████████████████████████████

████████████████████████ that the FBI started to indicate that its needs had

changed. The chronology of the FBI's actions demonstrates that the FBI's "change is need"

justification is specious and does not provide a justification for the FBI to cancel Lexicon's

contract and the Solicitation.

In response to Brookfield's protest, the FBI affirmed the sufficiency of the RFQ and the

viability of the award to Lexicon by offering Brookfield a contract award on or about June 7,

2013. App. Tab 8 at 90. Accordingly, the FBI must have still considered the Solicitation and

**PROPOSED REDACTED VERSION**

resulting contract awards sufficient to meet it needs as of June 7, 2013.  When an agency defends

an evaluation, it cannot later claim that the evaluation was in error.  *See MCII*, 2002 WL

32126244, at *2 ("Quite to the contrary; from start to finish, the Army has defended its P/M and

Evaluation structure as clear and sound.").

      TRC filed a protest at the GAO on June 24, 2013.  The FBI ███████████████████

████████████████  *See* App. Tab 17 at 115.  Similarly, on June 17, 2013, CapRelo filed a

protest at the GAO, and the FBI ████████████████████████████████████  App.

Tab 10; App. Tab 15 at 111.  The FBI's ███████ demonstrate that the FBI must have considered

the Solicitation and resulting awards to be sufficient to meet the FBI's needs.  As of June 26,

2013, the FBI could have ended the TRC and CapRelo protest by issuing a notice of corrective

action that stated the FBI's needs had changed.  Instead, the FBI continued to defend the awards

and the procurement process, which demonstrates that the FBI still considered the awards

sufficient to meet its needs.

      It was not until the FBI filed its July 16, 2013 notice of corrective action at the GAO,

some five weeks after affirming the RFQ and the award to Lexicon, that the FBI announced it

intended to abandon the procurement and issue a new and revised solicitation.  The FBI's needs

could not have so dramatically changed between the FBI's defense of the Solicitation and awards

on June 7, 2013 and the notice of corrective action to justify canceling Lexicon's award and the

Solicitation on July 16, 2013.  Accordingly, the FBI's corrective action that canceled the

Solicitation was arbitrary, capricious, and contrary to law because there has not been any

legitimate change in the FBI's needs that would merit the cancelation.

3.     The FBI's Breached Its Duty of Good Faith and Fair Dealing by
       Taking Corrective Action That Would Cancel Lexicon's Award and
       Cancel the Solicitation.

Pursuant to 28 U.S.C. § 1491(a) and 28 U.S.C. § 1491(b), the FBI has a duty to treat

Lexicon with good faith and fair dealing, and the FBI's actions have breached its duty.  All

agencies must abide by the "implied-in-fact contract of good faith and fair dealing."  *Southfork*

*Sys., Inc. v. United States*, 141 F.3d 1124, 1134-35 (Fed. Cir. 1998).  "[T]he issuance of a

competitive solicitation which generates responsive offers gives rise to an implied contract of fair

dealing."  *Hunt Bldg. Co. v. United States*, 61 Fed. Cl. 243 273 (2004) (citing *Heyer Prods. Co.*

*v. United States*, 135 Ct. Cl. 63, 140 F. Supp. 409, 412 (1956)).  The standard for determining

whether the Government has breached its duty of good faith and fair dealing is whether the

Government's actions were arbitrary and capricious.  *See Southfork Sys.*, 141 F.3d at 1132 (citing

*Keco Indus., Inc. v. United States*, 492 F.2d 1200, 1203 (1974)).  Here, the FBI violated its duty

of good faith and fair dealing by issuing a stop work order on Lexicon's contract even though the

CapRelo protest did not challenge Lexicon's award and by taking corrective action that included

canceling Lexicon's award and the Solicitation without a reasonable basis.

The FBI breached its duty of good faith and fair dealing when the FBI issued a stop work

order to Lexicon as the result of the CapRelo protest.  ██████████████████████████

███████████████████████████████████████████████████████  and

therefore the FBI did not have a reasonable basis on which to stop work on Lexicon's contract.

Furthermore, the FBI breached its duty of good faith in fair dealing by taking corrective

action in CapRelo's protest that included canceling Lexicon's award and canceling the

Solicitation.  "[O]nce offerors have submitted proposals, the fair treatment owed them under

23

**PROPOSED REDACTED VERSION**

[FAR] 1.602-2(b) includes a prohibition against the arbitrary cancellation of solicitations."

*MORI Assocs.*, 102 Fed. Cl. at 543.   The FBI had no reasonable basis to cancel either Lexicon's

award or the Solicitation because ████████████████████████████   Furthermore, the

FBI has not articulated any change in need that would justify canceling the awards and

Solicitation after the FBI defended the initial awards, issued a new contract award to Brookfield,

further fought additional protests by CapRelo and TRC, and now for the first time states that a

new solicitation is needed in response to CapRelo's protest.   The FBI's decision to cancel the

award and the Solicitation was without a rational basis and violated the FBI's duty to treat

Lexicon with good faith and fair dealing.

     **B.**    **Lexicon Will Be Irreparably Harmed if the Limited Injunctive Relief Is Not Provided.**

     To assess irreparable injury to the plaintiff, the inquiry focuses on whether the company

has an adequate remedy in the absence of an injunction.   *Transatlantic Lines LLC v. United*

*States*, 68 Fed. Cl. 48, 56-57 (2005) (citing *Overstreet Elec. Co, Inc. v. United States,* 47 Fed. Cl.

728, 743-44 (2000)).   As the following discussion demonstrates, Lexicon has no other remedy

and would suffer significant irreparable harm in the absence of the injunctive relief sought.

     Lexicon faces irreparable harm because without an injunction, Lexicon "would both lose

a valuable contract that it has lawfully won and be forced to expend additional resources to

recompete in circumstance where there has been unequal disclosure regarding the offerors'

proposed prices." *Sys. Application & Techs.*, 100 Fed. Cl. at 721; *see also Sheridan*, 95 Fed. Cl.

at 155. This fundamental inequity can be remedied only by the Court granting the injunctive

relief sought. *See Red River Serv. Corp. v. United States*, 60 Fed. Cl. 532 (2004) (granting

injunction and finding irreparable harm based on agency's violation of FAR regulations during

**PROPOSED REDACTED VERSION**

procurement process).

Absent granting of the requested injunctive relief, Lexicon will suffer the loss of the opportunity to perform a validly-awarded contract and the associated loss of revenue and profit. This Court has held that "[l]ost profits can constitute irreparable harm when the litigant has no action against the United States for those profits." *Turner Constr. Co., Inc. v. United States,* 94 Fed. Cl. 561, 585 (2010) (citing *Akal Sec., Inc. v. United States,* 87 Fed.Cl. 311, 319 (2009)), *aff'd* 645 F.3d 1377 (2011). Furthermore, Lexicon will have to compete for the same award amongst competitors who are fully aware of Lexicons' proposed prices, and such a situation is inherently prejudicial when Lexicon has already competed and won a valid contract. *See Sys. Application & Techs.,* 100 Fed. Cl. at 721 (considering the disclosure of the awardee's price as a factor favoring injunction while recognizing that the disclosure alone would not constitute irreparable harm). Accordingly, Lexicon will be irreparably harmed unless the FBI is enjoined from taking the unreasonable corrective action and canceling Lexicon's award and the Solicitation.

### C.     The Balance Of Hardships Is In Lexicon's Favor.

In the present case, a balancing of the hardships clearly tips in Lexicon's favor. The FBI would likely benefit from the action because "[i]f the [agency] was permitted to pursue its plan of corrective action, it would be required to spend time, money, and energy on terminating [the awardees'] contract, amending the [RFQ], reevaluating proposal, issuing a new source selection decision, and rewarding the contract." *Sys. Application & Techs.,* 100 Fed. Cl. at 721.

Indeed, there is no benefit to permitting the FBI to proceed with the corrective action that cancels properly awarded contracts. *See Sys. Application & Techs.,* 100 Fed. Cl. at 721. Without

25

**PROPOSED REDACTED VERSION**

injunctive relief, the FBI will cancel the award and Solicitation and will continue to utilize the incumbent contractor at significantly higher prices to fulfill its needs while it drafts a new solicitation. Accordingly, an injunction would ultimately benefit the FBI by requiring the FBI to implement the properly awarded contracts at significant cost savings.

The other quoters will not be harmed by an injunction because they all had an equal opportunity to compete for an award. Even Brookfield as the incumbent contractor cannot be legitimately harmed because Brookfield competed for an award pursuant to the Solicitation and was not ████████████████████████████ *See CRAssociates v. United States*, 103 Fed. Cl. 23, 26 (2012) (noting that harms alleged by incumbents that are typical of the types of harm that "any incumbent would experience upon the loss of a successor contract" do not provide a grounds for injunctive relief). Therefore, the balance of harms clearly favors enjoining the FBI from implementing the proposed corrective action and canceling the award to Lexicon and the Solicitation.

### D.     The Public Interest Favors The Injunctive Relief.

Injunctive relief in this matter would serve the public interest. "[I]t is well-established that the public interest is well-served by ensuring that the government procurement process is fair." *Asia Pacific Airlines v. United States*, 68 Fed. Cl. 8, 27 (2005*)* (citing *Doty v. United States,* 53 F.3d 1244, 1251 (Fed. Cir. 1995); *PGBA, LLC v. United States* 60 Fed. Cl. 196, 221 (2004)). "'There is an overriding public interest in preserving the integrity of the procurement process by requiring the government to follow its procurement regulations.'" *Turner Constr.*, 94 Fed. Cl. at 585 (citing *Hospital Klean of Tex., Inc. v. United States,* 65 Fed.Cl. 618, 624 (2005)).

In this case the public interest favors an injunction. First, the "implementation of

corrective action would upset the award of a contract that was properly awarded through fair and open competition, rendering the competition unfair." *Sys. Application & Techs.*, 100 Fed. Cl. at 721. Furthermore, the awarded contracts offer the Government significant cost savings that are certainly in the public's interest in this time of austerity. Therefore, the public interest favors Lexicon's requested injunctive relief.

## CONCLUSION

In sum, Lexicon has demonstrated a high probability of success on the merits of its challenge, that it will suffer irreparable harm if injunctive relief is not provided, that the balance of harms favors Lexicon, and that granting the injunctive relief will serve the public interest. Accordingly, the Court should grant Lexicon's Motion for a Preliminary Injunction and enjoin the FBI from continuing to stay Lexicon's performance on a properly awarded contract and further enjoin the FBI from canceling Lexicon's contract and the Solicitation.

Respectfully submitted,

Date: August 5, 2013                        By: _____
                                            William F. Savarino, Esq.

                                            Cohen Mohr, LLP
                                            1055 Thomas Jefferson St., NW
                                            Suite 504
                                            Washington, DC 20007
                                            (202) 342-2550 (telephone)
                                            (202) 342-6147 (facsimile)

                                            Attorney of Record for Plaintiff
                                            Lexicon Government Services, LLC

Of Counsel:

John J. O'Brien
Gabriel E. Kennon

27

**PROPOSED REDACTED VERSION**

Cohen Mohr, LLP
1055 Thomas Jefferson St., NW
Suite 504
Washington, DC 20007
(202) 342-2550 (telephone)
(202) 342-6147 (facsimile)

**PROPOSED REDACTED VERSION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August 2013, a copy of the foregoing was served as follows:

By hand delivery on:

The United States at:

U.S. Department of Justice
Commercial Litigation Branch,
Eighth floor
1100 L Street, N.W.
Washington, DC  20530

_____
Gabriel E. Kennon, Esq.

29

**PROPOSED REDACTED VERSION**